IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBIN WADE ERVIN                                                                                    PLAINTIFF

                v.                               Civil No.  14-5102

DENNY HYSLIP, Public
Defender; BLAKE CHANCELLOR,
Public Defender; and ACE BAIL
BONDS, LLC                                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**1. Background**

According to the allegations of the complaint, Plaintiff was represented by Blake Chancellor on a pending state criminal charge.  Chancellor's supervisor was Denny Hyslip.

Plaintiff alleges that he asked Chancellor whether he could remain out on bond until he was to report to the Arkansas Department of Correction to serve his sentence.  Chancellor advised Plaintiff that he would need Ace Bail Bonds' approval and the approval of Judge Lindsey.

Plaintiff states that Judge Lindsey gave approval subject to the bond being posted. Plaintiff indicates the bond company initially stated they needed more collateral but then stated he was considered a flight risk. Plaintiff maintains Chancellor told the bond company that he was not in court when needed. Plaintiff remained incarcerated.

As relief, Plaintiff asks that Chancellor be brought up on charges. Plaintiff seeks compensation in the amount of $360,000 against the bond company. He seeks monetary compensation for the mental pain and stress he has suffered. Finally, he asks that Defendants be ordered to pay his costs and filing fees.

**2. Discussion**

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 2014 WL 1258016, *2 (8th Cir. March 28, 2014)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Neither Hyslip nor Norris are subject to suit. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

With respect to Hyslip, "[t]he general responsibility . . . for supervising the operation of a [facility] is not sufficient to establish personal liability." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "[A] bare allegation that someone in supervisory authority has been deliberately indifferent, without any specification of that person's contact in fact with the plaintiff, [or] even an explicit charge of inadequate training or supervision of subordinates, is [not] sufficient to state a [§ 1983] claim." *Id.*; *see also Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

Finally, with respect to the bond company, in general neither private corporations nor private citizens act under color of state law for purposes of § 1983. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). A bonding company is a private corporation and not a state actor where it neither purports to act pursuant to a warrant nor enlists the assistance of law enforcement officers in enforcing a warrant or in apprehending its principal. *Payton v. Blair's Bail Bond*, 2014 WL 688810 (E.D. La. Jan. 8, 2014)(private bonding company is not a state action).

Instead, "[a]s a general matter, bondsmen [and/or bonding companies] are private citizens who interact with the state in the course of pursuing their private interests. Their conduct is therefore not attributable to the state." *Dean v. Olibas*, 129 F.3d 1001, 1005 n. 1 (8th Cir. 1997).

### 3. Conclusion

For the reasons set forth above, I recommend that this case be dismissed as all claims asserted are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time). The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). The Clerk should be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of May 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE